UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>FOOD AND DRUG ADMINISTRATION,<br>10903 New Hampshire Avenue<br>White Oak, MD 20903<br><br>CENTERS FOR DISEASE CONTROL<br>AND PREVENTION,<br>1600 Clifton Road<br>Atlanta, GA 30329<br><br>and<br><br>CENTERS FOR MEDICARE &<br>MEDICAID SERVICES,<br>7500 Security Boulevard<br>Baltimore, MD 21244<br><br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 20-3575 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Health and Human Services, the Food and Drug Administration, the Centers for Disease Control and Prevention, and the Centers for Medicare & Medicaid Services under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201

1

and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, nonprofit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has

possession, custody, and control of records that American Oversight seeks.

7. Defendant Food and Drug Administration (FDA) is a component of HHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in White Oak, MD. FDA has possession, custody, and control of records that American Oversight seeks.

8. Defendant Centers for Disease Control and Prevention (CDC) is a component of HHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in Atlanta, GA. CDC has possession, custody, and control of records that American Oversight seeks.

9. Defendant Centers for Medicare and Medicaid Services (CMS) is a component of HHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in Baltimore, MD. CMS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

*Pfizer Communications Requests*

10. On October 21, 2020, American Oversight submitted FOIA requests to HHS, FDA, CDC, and CMS seeking the following:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (a) [specified agency] officials . . . and (b) any representatives or employees of Pfizer, including Albert Bourla, John Young, Kathrin Jansen, Mikael Dolsten, Nanette Cocero, William Gruber, Luis Jodar, Nicholas Kitchin, John Kraemer, Donna Boyce, Ed Harnaga, Rosalie Go, Ann

Protasiewicz, Guatam Gupta, Raul Isturiz, and anyone communicating with an email ending in @pfizer.com.

11. The specified HHS officials are Secretary Alex Azar, Deputy Secretary Eric Hargan, Assistant Secretary for Health Brett Giroir, Assistant Secretary for Preparedness and Response Robert Kadlec, Chief of Staff Brian Harrison, Deputy Chief of Staff for Policy Paul Mano, and Acting Director of the Biomedical Advanced Research and Development Authority (BARDA) Gary Disbrow.

12. The specified FDA officials are Commissioner Stephen Hahn, Principal Deputy Commissioner Amy Abernethy, Deputy Commissioner for Medical and Scientific Affairs Anand Shah, Chief of Staff Keagan Lenihan, Director of the Center for Biologics Evaluation and Research Peter Marks, and Director of the Center for Drug Evaluation and Research Janet Woodcock.

13. The specified CDC officials are Director Robert Redfield, Lead Special Assistant to the Director Agnes Warner, Acting Chief of Staff Nina Witkofsky, anyone serving in the role of Deputy Chief of Staff, former Chief of Staff Kyle McGowan, former Deputy Chief of Staff Amanda Campbell, Principal Deputy Director Anne Schuchat, Chief Operating Officer Sherri Berger, and Director of the National Center for Immunization and Respiratory Diseases Nancy Messonnier.

14. The specified CMS officials are Administrator Seema Verma, Acting Deputy Administrator and Chief of Staff Calder Lynch, and Deputy Administrator and Director Brad Smith.

15. American Oversight stated in these Pfizer Communications Requests that it sought all responsive records from August 1, 2020, through the date of the search.

16. In an email sent on October 22, 2020, HHS acknowledged receipt of American

Oversight's request and assigned it tracking number 2021-00149-FOIA-OS.

17. In an email sent on October 23, 2020, FDA acknowledged receipt of American Oversight's request and assigned it tracking number 2020-7594.

18. In a letter dated October 23, 2020, CDC acknowledged receipt of American Oversight's request and assigned it tracking number 21-00112-FOIA.

19. As of the date of this Complaint, American Oversight has not received an acknowledgment or any other communication from CMS concerning this request. American Oversight's request to CMS bore the internal tracking number HHS-CMS-20-2639.

20. On December 8, 2020, American Oversight sent a letter to Defendants requesting that the agencies take immediate action to preserve and recover any and all responsive records. A copy of this letter is attached hereto as Exhibit 1.

21. As of the date of this Complaint, American Oversight has not received any further communication from Defendants regarding these Pfizer Communications Requests.

*Exhaustion of Administrative Remedies*

22. As of the date of this Complaint, Defendants HHS, FDA, CDC, and CMS have failed to (a) notify American Oversight of any determinations regarding American Oversight's FOIA requests, including the full scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

23. Through Defendants' failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

24. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25. American Oversight properly requested records within the possession, custody, and control of Defendants.

26. Defendants are an agency and components thereof subject to FOIA and must therefore make reasonable efforts to search for requested records.

27. Defendants have failed to promptly and adequately review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

28. Defendants' failures to conduct adequate searches for responsive records violate FOIA.

29. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to conduct adequate searches for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

30. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31. American Oversight properly requested records within the possession, custody, and control of Defendants.

32. Defendants are an agency and components thereof subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful

reason for withholding any materials.

33. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA requests.

34. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

35. Defendants' failures to provide all non-exempt responsive records violate FOIA.

36. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: December 9, 2020

Respectfully submitted,

*/s/ Christine H. Monahan*
Christine H. Monahan
D.C. Bar No. 1035590

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
christine.monahan@americanoversight.org

*Counsel for Plaintiff*